## STANTON v. SOUTHERN RY.

CHARGE.—To instruct a jury that "If the evidence raises a mere conjecture or suspicion, or even a probability" as to the contention of plaintiff, would be error, because the inference or preponderance of evidence may depend on probability.

Before GARY, J., Fairfield, February Term, 1899. Affirmed.

Action by D. H. Stanton against Southern Railway Co. for damages to land by fire. From judgment on verdict for plaintiff, defendant appeals.

*Messrs. Jno. P. Thomas, Jr.,* and *B. L. Abney,* for appellant. The former cites on question raised: 26 S. C., 302; 36 S. C., 375; 29 S. C., 152; 26 S. C., 168; 19 S. C., 39; 94 Wis., 270.

*Messrs. Ragsdale & Ragsdale,* contra, cite on point raised: 26 S. C., 199; 28 S. C., 29; 29 S. C., 4; 33 S. C., 88, 583; 35 S. C., 34; 46 S. C., 203; 53 S. C., 123; 54 S. C., 599, 90.

January 3, 1900. The opinion of the Court was delivered by

Mr. JUSTICE GARY. This was an action for damages caused by fire communicated by defendant's locomotive, and injuring plaintiff's lands.

The jury rendered a verdict in favor of the plaintiff, and the defendant appealed upon the following exceptions : "The defendant, in pursuance of the notice of appeal heretofore served in the above entitled cause, hereby excepts because the presiding Judge refused to charge the second request of the defendant, to wit : 'If the evidence raises a mere conjecture or a suspicion, or even a probability, that the fire was caused by the locomotive engine of the defendant, that is not sufficient to enable the plaintiff to recover. The probability must amount to proof." The charge of the presiding Judge shows that he practically charged what was contained in the request, and the appellant was, therefore, not prejudiced by such refusal. There is, however, another reason why the exception cannot be sustained. If the defendant had omitted the word "probability" in the request, the Circuit Judge could very properly have charged it; but with that word in the request, he could not have charged it without invading the province of the jury. The inference to be drawn from testimony depends in every case, more or less, on probability. The preponderance of the evidence may depend upon the probability, and if the Circuit Judge had undertaken to instruct the jury as to the effect of probability, he would have commented on the facts and invaded the province of the jury. The Circuit Judge was not bound to charge a request unless the propositions of law therein were sound in their entirety. He was not bound, as has been held time and again, to charge so much of a request as contained sound propositions of law. The exceptions must be overruled.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.